**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JUAN VENTURA | ) | |
| | ) | |
| v. | ) | 3-07-CV-471-G |
| | ) | (3-04-CR-253-G(04)) |
| UNITED STATES OF AMERICA | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Without benefit of a plea agreement, Defendant pled guilty to a one-count superseding indictment charging him with possession with intent to distribute and distribution of cocaine base. *See United States v. Juan Ventura*, 3:04cr253-G (N.D. Tex., Dallas Div.). On March 29, 2005, the trial court sentenced him to 135 months imprisonment and a five-year term of supervised release. *Id.* His conviction and sentence were affirmed on direct appeal. *See United States v. Juan Ventura*, No. 05-10437(5th Cir. Mar. 27, 2006).

In this timely § 2255 motion, Defendant claims that he received ineffective assistance of counsel when his counsel failed (1) to put the terms of his guilty plea in writing, and (2) to argue adequately the sentencing disparity between powder and crack cocaine.

**Findings and Conclusions**: Following his sentencing Ventura effected a direct appeal in which he alleged that the District Court erred on several grounds in assessing a 135 month term of

imprisonment. Among the points of error was his claim that the District Court improperly assessed a two level increase in his offense level under U.S.S.G. § 2D1.1(b)(1) because of the presence of an assault rifle at the stash house where Defendant was arrested and a claim that the court erred in failing to consider the disparity between sentences for cocaine base and cocaine powder. These grounds were held to be without merit by the Fifth Circuit in its unpublished opinion filed on March 27, 2006, in which his sentence was affirmed. *United States v. Juan Ventura*, No. 05-10437, (*see* appendix to the government's response).

Having failed in his direct attack on the computation of his sentencing and the factors considered in arriving at his term of incarceration Ventura seeks to reurge the substance of his claims couched in terms of ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the long established two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Specifically, in order to succeed on a § 2255 motion, a movant must establish that his attorney's representation was deficient and that he was prejudiced by such deficient representation. Failure to prove either prong forecloses relief. *See e.g. United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000).

Ventura first claims that his attorney's failure to obtain a specific plan agreement in writing constituted constitutionally infirm representation. In order to satisfy the deficient performance ("cause") prong, a defendant must overcome "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional conduct," *Strickland* at 689, 104 S.Ct. at 2065. A mere disagreement over the strategy pursued falls far short of this required showing. Here Ventura suggests that had counsel obtained a written plea agreement in which the government agreed that it would oppose consideration of the assault rifle, the term of his imprisonment would have been

shorter. Mere surmise on a defendant's part is not sufficient to establish a constitutional deficiency. Rather, it must be shown that counsel's representation fell below an objective standard of reasonableness, i.e. demonstrable errors so serious that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Ventura has neither shown that the government was amenable to a plea agreement under which the court would refuse to take cognizance of the presence of the weapon, nor has he shown that his attorney's failure to pursue such a request was objectively unreasonable. Therefore, he cannot satisfy the "cause prong of the *Strickland* test and relief on his first claim is precluded.

Movant's other argument is that his attorney should have argued the disparity in the Sentencing Guidelines' treatment of cocaine base (crack cocaine) and powder cocaine in determining sentencing ranges. Ventura can show no prejudice predicated on counsel's failure to argue that the District Court should have taken this disparity into account in determining sentence.

In order to establish prejudice he must show that there was a reasonable probability that his term of imprisonment would have been shorter, had his attorney advanced such an argument. *See e.g. United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004). In his direct appeal the Fifth Circuit found that the District Court had discharged its obligation to consider other sentencing factors set out in 18 U.S.C. § 3553(a). *See* No. 05-10437, opinion at 3. Ventura's speculation that had this disparity between treatment of the two sentences been called to the court's attention, he might have received a lesser term of imprisonment falls far short of the required showing of prejudice. Moreover, had such an argument been made and accepted by the District Court, such a deviation from the Sentencing Guidelines would have resulted in a finding that such was impermissible under § 3553(a) and a remand for resentencing. *See United States v. Leatch*, 482 F.3d 790 (5th Cir. 2002).

3

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the § 2255 motion be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and counsel for the government.

SIGNED this 20th day of August, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.